UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-794 JGB (SPx)** | Date | March 13, 2026 |
|---|---|---|---|
| Title | ***The People of The State of California, et al. v. Value Hotels Corp, et al.*** | | |

Present: The Honorable      JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order REMANDING Case to California Superior Court, County of Riverside (IN CHAMBERS)**

Before the Court is a Notice of Removal filed by defendants and cross-defendants Value Hotels Corp., Mahendra N. Patel, and Jayshree M. Patel (collectively, "Cross-Defendants"). ("Removal Notice," Dkt. No. 1.)  After considering the Removal Notice, the Court sua sponte **REMANDS** the case to California Superior Court, County of Riverside.

## I.   BACKGROUND

On January 2, 2025, the People of the State of California and the City of Riverside (collectively, "Plaintiffs") filed a complaint against Cross-Defendants, defendant PCB Bank ("PCB"), and Does 1-50 in California Superior Court, County of Riverside.  ("Complaint," Dkt. No. 1-1.)  The Complaint alleges four counts: (1) violation of the Drug Abatement Act (Cal. Health & Safety Code § 11570, et seq.); (2) public nuisance in violation of Cal. Civ. Code § 3479, et seq.; (3) public nuisance in violation of Riverside Municipal Code Chapter 6.15; and (4) appointment of receiver (Cal. Health & Safety Code § 17980.7).  (Id.)  On April 8, 2025, defendant PCB filed a cross-complaint against Cross-Defendants.  ("Cross-Complaint," Dkt. No. 1-2.)  The Cross-Complaint alleges seven counts: (1) breach of written promissory note, (2) money loaned, (3) claim and delivery, (4) foreclosure of personal property security, (5) foreclosure of real property security, (6) equitable indemnity, and (7) appointment of receiver. (Id.)

//

| Page 1 of 4 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>NPO</u> |
|---|---|---|

//

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state court to federal court if the district court would have original jurisdiction.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  A defendant may therefore remove civil actions over which the federal courts have original jurisdiction: (1) where a federal question exists or (2) where complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal is proper and must prove the existence of federal jurisdiction by a preponderance of the evidence.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004).  Any doubt regarding the propriety of removal must be resolved in favor of remand.  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447.  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. 506, 514 (1868).

## III.  DISCUSSION

Cross-Defendants contend that removal is proper under 28 U.S.C. § 1441(a) and 12 U.S.C. § 632.  (See Removal Notice at 2-3.)  Cross-Defendants assert that the parent holding company of PCB, a California commercial bank, is PCB Bancorp ("PCB BC"), which is "subject to examination and required to file reports with the [Federal Reserve Bank] and [Federal Reserve Bank] regulation."  (Id.)  Furthermore, Cross-Defendants argue that 12 U.S.C. § 632 allows for removal by any defendant at any time before trial even when the only claims asserted are "statutory and common law claims."  (Id. at 4.)  12 U.S.C. § 632 provides, in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit

from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Cross-Defendants seem to imply that this provision applies because PCB BC is registered with and regulated by the Federal Reserve Bank. (Removal Notice at 2.) However, the provision clearly applies to any civil suit where a "Federal Reserve bank" is a party. 12 U.S.C. § 632. The provision by its clear language does not apply to banks registered with the Federal Reserve Bank. Cross-Defendants do not, and cannot, claim that PCB BC is a Federal Reserve Bank.

Lest there be any doubt, the First Circuit explained why the Federal Reserve Banks enjoy privileged status in federal court under 12 U.S.C. § 632's removal provision, even where they proceed with private counsel instead of represented by the Attorney General of the United States and do not appear with the United States as a co-plaintiff:

> While savings and loan associations may in many ways be analogized to private corporations, federal reserve banks, by contrast, are plainly and predominantly fiscal arms of the federal government. Their interests seem indistinguishable from those of the sovereign and there are good reasons to relieve them of any symbolic requirement of joinder with and by the United States. There are twelve such banks in the nation, of which the plaintiff is one. They were created and are operated in furtherance of the national fiscal policy. They are not operated for the profit of shareholders, and do not provide ordinary commercial banking services; their stockholders, the member banks, lack the powers and rights customarily vested in shareholders of a private corporation. Federal reserve banks act as depositories for money held in the United States Treasury and as fiscal and monetary agents of the United States. 12 U.S.C. § 391. They hold the legal reserves of members banks, issue currency, facilitate check clearance and collection, and have supervisory duties as to member banks. They also provide important services for the Treasury with respect to the public debt and the issuance, handling and redemption of government securities. The limited income generated is used to pay expenses and dividends limited to 6 percent. Any remaining earnings are paid into the surplus fund, 12 U.S.C. § 289, where they may be used by the United States Treasury to supplement the gold reserve. Should a federal reserve bank go into liquidation, any surplus becomes the property of the United States, 12 U.S.C. § 290.

Fed. Rsrv. Bank of Bos. v. Comm'r of Corps. & Tax'n of Com. of Massachusetts, 499 F.2d 60, 62–63 (1st Cir. 1974). The First Circuit draws a clear line between Federal Reserve Banks, and other banks, such as private "savings and loan associations. Id.

Furthermore, a different provision of 12 U.S.C. § 632 would be rendered superfluous if any bank registered with and/or regulated by the Federal Reserve Bank were considered a "Federal Reserve Bank." The first paragraph of 12 U.S.C. § 632 allows a defendant to remove a civil case where one of the parties is "any corporation organized under the laws of the United States" and the case arises "out of transactions involving international or foreign

banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations." If a bank registered with and/or regulated by the Federal Reserve Bank were considered a "Federal Reserve Bank," then Congress would not have needed to provide a separate removal mechanism for "any corporation organized under the law of the United States" in a case arising out of international banking transactions. 12 U.S.C. § 632. Thus, the statutory language of 12 U.S.C. § 632 as well as the First Circuit's opinion in Fed. Rsrv. Bank of Bos confirm that PCB BC is not a "Federal Reserve Bank".

In conclusion, PCB BC is not a "Federal Reserve Bank" and, as a result, 12 U.S.C. § 632 did not grant Cross-Defendants the authority to remove the instant case to federal court. Accordingly, the Court sua sponte **REMANDS** the action to the Superior Court of California, County of Riverside and **DIRECTS** the Clerk to close the case. (JS-6).

**IT IS SO ORDERED.**